1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   ORLANDO GARCIA,                    Case No.: 20-cv-2370-DMS-MDD
                                        **ORDER GRANTING**
12              Plaintiff,              **DEFENDANTS' MOTION FOR**
                                        **JUDGMENT ON THE**
13         v.                           **PLEADINGS**
14   LHO MISSION BAY ROSIE
     RESORT, L.P,. a Delaware limited
15   partnership; LHO MISSION BAY
     ROSIE LESSEE, INC., a Delaware
16   corporation; DOES 1–10;
17              Defendants.
18
19         This case comes before the Court on Defendants' motion for judgment on the
20   pleadings.  Plaintiff filed a response in opposition, and Defendants filed a reply.  For
21   the following reasons, the motion is granted.
22                                      **I.**
23                               **BACKGROUND**
24         Plaintiff is a California resident who is substantially limited in his ability to
25   walk, has the use of only one arm, and uses a wheelchair, walker, or cane for
26   mobility.  (First Am. Compl. ("FAC"), ECF No. 9, ¶ 1.)  Plaintiff alleges Defendant
27   LHO Mission Bay Rosie Hotel, L.P. (sued as "LHO Mission Bay Rosie Resort,
28   L.P.") and Defendant LHO Mission Bay Rosie Lessee, Inc., own and operate the

1   San Diego Mission Bay Resort located at 1775 East Mission Bay Drive, San Diego,

2   California ("the Hotel").  (*Id.* ¶ 2.)

3       Plaintiff planned on making a trip to San Diego in November 2020.  (*Id.* ¶ 14.)

4   When staying in a hotel, Plaintiff needs an accessible guestroom, and needs

5   information about accessible features in hotel rooms so that he may book those

6   rooms and travel independently and safely.  (*Id.* ¶ 13.)  On or about October 3, 2020,

7   Plaintiff went to the Hotel's reservation website at https://missionbayresort.com/

8   seeking to book an accessible room.  (*Id.* ¶ 15.) Plaintiff alleges the Hotel's website

9   failed to describe the Hotel's accessibility features in sufficient detail for Plaintiff to

10  determine whether the guest rooms meet his accessibility needs.  (*Id.* ¶ 30.)  This

11  alleged lack of information deterred Plaintiff from booking a room at the Hotel.  (*Id.*

12  ¶ 31.)

13      On November 3, 2020, Plaintiff filed a complaint against Defendants in

14  California Superior Court, which Defendants removed to this Court on December 4,

15  2020.  (ECF No. 1.)  On January 7, 2021, Plaintiff filed the FAC, alleging claims

16  for: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

17  § 12101, *et seq.*; and (2) violation of the California Unruh Civil Rights Act ("Unruh

18  Act"), California Civil Code §§ 51–53.  (FAC ¶¶ 38–41, 42–45.)  Plaintiff seeks

19  injunctive relief, damages, and attorney's fees and costs.  Defendants filed their

20  Answer on January 20, 2021.  (ECF No. 12.)  Defendants now move for judgment

21  on the pleadings.

## II.

## LEGAL STANDARD

24      "After the pleadings are closed—but early enough not to delay trial—a party

25  may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In reviewing a

26  motion for judgment on the pleadings, the court must "accept all factual allegations

27  in the complaint as true and construe them in the light most favorable to the non-

28  moving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner*

1    *v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).  "Judgment on the pleadings is
2    properly granted when there is no issue of material fact in dispute, and the moving
3    party is entitled to judgment as a matter of law."  *Id.* (citing *Heliotrope Gen., Inc. v.*
4    *Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999)).

**III.**

**DISCUSSION**

**A. ADA Claim**

Plaintiff claims the Hotel's website fails to comply with ADA regulations
requiring hotels to provide information about accessible features.  Defendants assert
Plaintiff's FAC shows the Hotel complied with the applicable regulations and thus
that they are entitled to judgment as a matter of law.

Title III of the ADA prohibits discrimination by public accommodations. 42
U.S.C. § 12182(a).  To state a claim for discrimination, Plaintiff must show (1) he is
disabled under the definitions provided by the ADA, (2) Defendant is "a private
entity that owns, leases, or operates a place of public accommodation," and
(3) Plaintiff "was denied public accommodations . . . because of [his] disability."
*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  The first two elements
are not in dispute here.  A plaintiff can establish the third element by showing a
violation of applicable accessibility standards.  *Moeller v. Taco Bell Corp.*, 816 F.
Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Chapman v. Pier 1 Imports (U.S.), Inc.,*
631 F.3d 939, 945 (9th Cir. 2011)).

Plaintiff alleges the Hotel violated the 2010 ADA Standards for Accessible
Design ("ADAAG") by not adequately listing accessible features on its website.
Under the ADAAG, a hotel's reservation website must "[i]dentify and describe
accessible features in the hotels and guest rooms offered through its reservation
service in enough detail to reasonably permit individuals with disabilities to assess
independently whether a given hotel or guest room meets his or her accessibility
needs." 28 C.F.R. § 36.302(e)(1)(ii).  Plaintiff claims the Hotel's reservation website

does not sufficiently identify or describe the rooms' accessibility features, preventing Plaintiff from making an independent assessment of whether the rooms suit his needs.  In particular, Plaintiff suggests the Hotel's website must specify the clearance around the bed, the height of the toilet and whether it has grab bars, the height of the sink, and whether the shower has a seat and detachable shower wand. (FAC ¶¶ 26–28.) In response, Defendants argue the Hotel's room descriptions satisfy their obligations under the ADAAG, because the regulations do not require a hotel to list every single accessible feature in detail.   In support of their argument, Defendants point to Department of Justice ("DOJ") guidance interpreting § 36.302(e)(1)(ii).

After reviewing the FAC and Exhibit D to Defendants' Request for Judicial Notice,[1] the Court agrees with Defendants that the information on the Hotel's website complies with the applicable provisions of the ADAAG.   The DOJ's guidance on § 36.302(e)(1)(ii) states: "Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance."  28 C.F.R. pt. 36, App. A. While "specific information concerning accessibility features is essential to travelers with disabilities," the DOJ "recognizes that a reservations system is not intended to be an accessibility survey."  *Id.*  The DOJ's interpretations of the ADAAG "are 'entitled

---

[1] On a motion for judgment on the pleadings, the Court considers Plaintiff's FAC as well as documents incorporated by reference.  *See GEO Grp., Inc. v. Newsom*, 493 F. Supp. 3d 905, 917 (S.D. Cal. 2020) (citing cases); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").  The Court accordingly considers Exhibit D to Defendants' Request for Judicial Notice (ECF No. 19-5), a copy of relevant pages of the Hotel's website, as this exhibit is incorporated by reference into Plaintiff's FAC and Plaintiff neither objects to Defendants' request nor disputes the exhibit's contents.[1]  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Plaintiffs directly quoted the material posted on these web pages, thereby incorporating them into the Complaint.").

1  to substantial deference' and 'will be disregarded only if plainly erroneous or

2  inconsistent with the regulation.' " *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064,

3  1069 (9th Cir. 2015) (quoting *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028

4  (9th Cir. 2008)).

5      Here, the Hotel's website lists accessibility features of its rooms under a

6  heading labeled "Information about our accessible guest rooms." (FAC ¶ 24.) These

7  features include "[a]ccessible guest rooms with mobility features with entry or

8  passage doors that provide 32" of clear width," "[t]oilets with grab bars,"

9  "[a]ccessible vanity," and "[r]oll-in showers." (*Id.*; *see* Ex. D to Defs.' Req. for

10  Judicial Notice.)  The room descriptions list additional "accessible features,"

11  including the "[r]equired width of path to both sides of the bed (rooms with one bed)

12  or down the middle of the beds (rooms with two beds)." (Ex. D to Defs.' Req. for

13  Judicial Notice.)  Plaintiff contends the Hotel's labeling of features as "accessible"

14  is conclusory and provides no actual information, but as the court in *Garcia v.

15  Gateway Hotel L.P.*, No. CV2010752PAGJSX, 2021 WL 936176, at *4 (C.D. Cal.

16  Feb. 25, 2021), explained, "Defendant's use of the term 'accessible' is not merely

17  conclusory, it means that the features in the hotel defined by Defendant as

18  "accessible" comply with the ADAAG."  Moreover, for many of the features

19  described on the Hotel's website, the Hotel not only labeled them as "accessible"

20  but provided further detail, such as specifying the requisite 32" width on the

21  doorways.  The Court finds the descriptions and level of detail regarding accessible

22  guest room features on the Hotel's website are sufficient to meet its obligations under

23  § 36.302(e)(1)(ii).

24      Numerous other district courts have reached the same conclusion on similar

25  facts.  *See, e.g.*, *Love v. Marriott Ownership Resorts, Inc.*, No. 20-CV-07523-CRB,

26  2021 WL 1176674, at *6–7 (N.D. Cal. Mar. 29, 2021) (dismissing plaintiff's claim

27  where website stated rooms had "[a]ccessible guest rooms with 32" wide doorways,"

28  "[b]athroom grab bars," and "[r]oll-in shower," among other features); *Love v. KSSF*

*Enters. Ltd.*, No. 20-cv-08535-LB, 2021 U.S. Dist. LEXIS 51788, at *13 (N.D. Cal. Mar. 18, 2021) (dismissing plaintiff's claim based on similar hotel website disclosures); *Love v. Marriott Hotel Servs., Inc.*, No. 20-CV-07137-TSH, 2021 WL 810252, at *6–7 (N.D. Cal. Mar. 3, 2021) (same); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017) (granting summary judgment in defendant's favor).

Plaintiff relies on *Garcia v. Patel & Joshi Hospitality Corp.*, No. EDCV 20-2666 JGB (PVCx), 2021 U.S. Dist. LEXIS 67028, at *14–15 (C.D. Cal. Mar. 19, 2021), in which the court denied the defendant hotel's motion to dismiss, concluding Plaintiff had plausibly alleged the defendant's website did not describe the accessible features in enough detail to reasonably permit Plaintiff to assess whether the rooms would be suitable for his needs.  However, in that case, the website did not mention whether the bedroom had compliant clear floor space, or whether the toilet and desk were accessible.  *Id.* at *12.  Here, the facts are more analogous to *Garcia v. SL&C Ontario, LLC*, No. 5:21-cv-00061-JGB-KKx, ECF No. 12 at 5 (C.D. Cal. Mar 26, 2021), in which the same judge found "Defendant's website contains more information regarding access than the website at issue in *Garcia v. Patel and Joshi Hospitality Corp.* and is sufficient to meet the requirements of Section 36.302(e)(1)(ii) and the ADA."  Specifically, the hotel's website stated its guest rooms had accessible, 32" wide doorways, as well as roll-in showers or tubs with grab bars, similarly to the Hotel's website here.  *Id.* at 5–6.  Plaintiff's reliance on *Patel & Joshi Hospitality Corp.* is therefore unpersuasive, especially since the weight of authority supports Defendant's position.

Moreover, should Plaintiff require more detailed information about accessibility features, he may call the Hotel to obtain it.  Plaintiff argues because the ADAAG requires hotels to ensure that individuals with disabilities can make reservations "in the same manner" as individuals who do not need accessible rooms, 28 C.F.R. § 36.302(e)(1)(i), he should not be required to call for additional

1    information.  However, the DOJ guidance indicates that "once reservations are
2    made . . . individuals with disabilities may wish to contact the hotel or reservations
3    service for more detailed information . . . such as the specific layout of the room and
4    bathroom, shower design, grab-bar locations, and other amenities available (e.g.,
5    bathtub bench)."  28 C.F.R. pt. 36, App. A.  Thus, "a website need not include all
6    potentially relevant accessibility information where an inquiring patron can simply
7    call the hotel for more information."  *Garcia v. Gateway Hotel*, 2021 WL 936176,
8    at *5 (finding plaintiff failed to state a claim that defendant's website violated ADA).
9    Indeed, as previously stated, the DOJ "recognizes that a reservations system is not
10   intended to be an accessibility survey."  28 C.F.R. pt. 36, App. A.  Individuals may
11   have widely differing accessibility needs, and "the Department cannot specify what
12   information must be included in every instance."  *Id.*; *see Strojnik v. Orangewood*
13   *LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *21 (C.D. Cal.
14   Jan. 22, 2020) ("[I]f a website was required to have all relevant information,
15   individuals would not need to call the hotel to get further information.").  A hotel
16   must provide accessibility information on its website pursuant to § 36.302(e)(1)(ii)'s
17   requirements.  After reviewing that information, Plaintiff may make a reservation
18   online like other patrons, and then call the hotel if he requires further specifications.
19   *See Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2020 WL
20   5257868, at *17 (S.D. Cal. Sept. 3, 2020) ("[J]ust because [Plaintiff] would like
21   additional detail does not mean that he is entitled to it under Section
22   36.302(e)(1)(ii)."); *Love v. Marriott Ownership Resorts, Inc.*, 2021 WL 1176674, at
23   *6 ("Although [plaintiff] would prefer more detailed accessibility information, the
24   2010 DOJ Guidance shows that the Hotel complies with ADA regulations.").

25       Accordingly, because the Hotel's website complies with the applicable
26   regulations, the Court grants Defendants' motion for judgment on the pleadings as
27   to Plaintiff's ADA claim.
28   / / /

**B. Unruh Act Claim**

Plaintiff's second claim for relief alleges a violation of California's Unruh Act. The Unruh Act provides for "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments" for "all persons . . . no matter what their . . . disability." Cal. Civ. Code § 51(b). "[A] violation of the ADA is, per se, a violation of the Unruh Act." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004); *see* Cal. Civ. Code § 51(f). Here, Plaintiff's Unruh Act claim is wholly premised on his ADA claim. (FAC ¶¶ 43–44.) Because Plaintiff has failed to adequately allege a violation of the ADA, as discussed above, his Unruh Act claim also fails. Accordingly, the Court grants Defendants' motion for judgment on the pleadings as to Plaintiff's Unruh Act claim.

**C. Leave to Amend**

A "court considering a motion for judgment on the pleadings may give leave to amend and may dismiss causes of action rather than grant judgment." *Sprint Telephony PCS, L.P. v. Cty. of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004) (internal quotation marks and citation omitted). Indeed, "[b]ecause motions for judgment on the pleadings under Rule 12(c) and motions to dismiss for failure to state a claim under Rule 12(b)(6) are functionally identical, . . . leave to amend should be granted unless amendment would be futile." *Kemp v. Regents of Univ. of Cal.*, No. C-09-4687 PJH, 2010 WL 2889224, at *2 (N.D. Cal. July 22, 2010) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)) (internal quotation marks omitted).

Here, the Court finds amendment would be futile because the FAC demonstrates the Hotel's website satisfies the ADAAG's requirements for providing information about accessible features. Accordingly, since Plaintiff's claims could not be cured by the allegation of other facts, the Court denies leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citation

omitted).

## IV.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for judgment on the pleadings and DISMISSES Plaintiff's FAC without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated:  April 28, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court